Chief Justice Robertson
delivered the Opinion of the Court.
Jelf filed a bill in Chancery against Lair and Phelps, for the purpose of rescinding an executory agreement, which he had made with Lair, for the purchase of a tract of land, and of enjoining a judgment which Phelps, as assignee of Lair, had obtained on a note which Jelf had given to Lair, in part consideration of the said contract of sale.
Lair admitted that he could not make a title to the *182 land; and therefore the contract between himself and Jelf was rescinded by the court, and the injunction was made perpetual. But before any decree had been rendered, Phelps filed a cross bill against Lair, praying for a decree upon the assignment; and the subpoena on the cross bill, was executed prior to the final disposition of the case on the original bill, but after the decree rescinding the contract and perpetuating the injunction; and at a subsequent term, a decree was rendered on the cross bill, in favor of Phelps, and against Lair, for the amount of the assigned note and the legal interest thereon “until payment.”
The objections now urged against the decrees, are, first — that no subpoena having been executed on the cross bill until after the injunction had been perpetuated, the Circuii Court had no jurisdiction over the cross bill; and, second — that the decree for accruing interest in favor of Phelps, and that for the like interest in favor of Jelf, are erroneous.
The first objection is not sustainable. When the cross bill was filed, Phelps had a right thus to proceed against Lair, in the suit then in progress; and the court, having thus acquired jurisdiction, was not divested of it by the delay in the execution of the subpoena until after the injunction had been perpetuated. Besides, the subpoena had been returned executed long before the case on the original bill had been finally disposed of.
But the second objection is well founded.. As neither Jelf nor Phelps could, in an action at law, have recovered more than the amount respectively due to each at the time of trial, the Circuit Court had no authority to decree more to either of them. The decrees for interest which might accrue after the date of the decree, are therefore erroneous.
Wherefore, the 'decree in favor of Jelf, and that also in favor of Phelps, for accruing interest, are reversed, and the cause remanded. It does not appear that the record of the common law suit was filed; and therefore we cannot determine, whether Phelps is entitled to a decree for costs expended by him in that suit.